UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE KORTE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>　　　　　Defendants. | No. 2:19–cv–2428–TLN–KJN (PS)<br><br>ORDER GRANTING IFP REQUEST AND STAYING CASE and<br>FINDINGS AND RECOMMENDATIONS TO DISMISS<br><br>(ECF No. 1, 2) |

Plaintiff, who proceeds in this action without counsel, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF No. 2.)[1] Plaintiff's application in support of his request to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the undersigned grants the request to proceed in forma pauperis. However, pursuant to 28 U.S.C. § 1915, the Court is directed to dismiss the case at any time if it determines the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

For the reasons discussed below, the Court concludes that Plaintiff's Complaint fails to state a claim on which relief may be granted and is otherwise frivolous, and that further leave to amend would be futile. Thus, the Court recommends that the action be dismissed with prejudice.

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

**Legal Standard**

Federal Rule of Civil Procedure 8(a) requires that a complaint contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief."

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986). However, to avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief must be facially plausible. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227–28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. Finally, Rule 8 also bars so–called 'shotgun pleadings'—where a complaint alleges all defendants were responsible for all conduct (without facts linking each defendant to each claim) —as this pleading style "interferes with the court's ability to administer justice." Destfino v. Kennedy, 2008 WL 4810770, at *3 (E.D.Cal. Nov. 3, 2008).

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). A pro se plaintiff proceeding in forma pauperis is ordinarily entitled to notice and an opportunity to amend before

dismissal.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984).  Nevertheless, leave to amend need not be granted when further amendment would be futile.  See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

**Analysis**

In his Complaint, Plaintiff alleges that the State of California, a number of Solano County and Vacaville City entities, the Federal Communications Commission, the Department of Homeland Security, a number of private cell service providers and multiple private individuals have conspired against him by, among other things, blocking his internet access, directing malware attacks against his online accounts, and monitoring his internet activity.  (ECF No. 1 at pp. 2, 12–14.)  Plaintiff lists a number of federal statutes as the apparent basis for his claims, including multiple sections of the Americans with Disabilities Act (42 U.S.C § 12101, 12112, 12203, 12182), "Terrorism" (citing to 42 U.S.C. § 2333(a)), "Torture" (42 U.S.C. § 2340A), Economic Espionage (42 U.S.C. § 1831), Theft of Trade Secrets (42 U.S.C. 1831), Wire and Electronic Communication (42 U.S.C. § 2520), 42 U.S.C. § 1983—for First, Fourth, Fifth, Sixth, Seventh, Thirteenth, and Fourteenth Amendment violations, as well as two employment–discrimination sections (42 U.S.C. 2000a–3 and –5), four criminal–code sections (18 U.S.C. § 2511 and § 242, Cal. Penal Code. § 530.5 and 530.6), and the entirety of Titles 11 (Bankruptcy) and 17 (Copyright).  (Id. at p. 10.)  Plaintiff seeks a number of injunctions against various Defendants, an unspecified amount of compensatory and punitive damages, and other miscellaneous relief.[2]  (Id. at pp. 17–18.)

As explained to Plaintiff in 2015, simply listing a series of statutes without listing the facts supporting each claim does not comport with federal pleading standards.  (See 2:15–cv–1398, ECF No. 4 at p. 3: "In the complaint plaintiff then alleges multiple causes of action[.]  Those

---

[2] This relief apparently includes access to files from two other cases Plaintiff filed with this Court in 2015 (2:15–cv–1398–KJM–DAD and 2:13–cv–35–JAM–JFM).  These documents can be viewed at the courthouse at the court's public terminals.

causes of action, however, are asserted without any reference to any facts. For example, the complaint does not identify the actions of any defendant, any dates or any locations. Moreover, the complaint does not even identify which causes of action are asserted against which defendants.") Here, Plaintiff's Complaint again fails to give fair notice to any of the listed Defendants as to what claims are asserted against them. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Instead, Plaintiff's complaint offers mere labels, which is insufficient to state a claim. Iqbal, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'") (quoting Twombly, 550 U.S. at 557).

Further, in order for a claim to proceed in federal court, the facts presented must be plausible on their face. Twombly, 550 U.S. at 570. Claims must also be legally cognizable, not frivolous in nature. Neitzke, 490 U.S. at 327; see also Allen v. Gold Country Cascino, 464 F.3d 1044, 1048 (9th Cir. 2006) (no private right of action exists for alleged violations of criminal statutes); Iegorova v. Intercom Sec., 2019 WL 6332162, at *1 (E.D. Cal. Sept. 17, 2019) (recommending dismissal of complaint where plaintiff alleged factually–baseless causes of action under numerous statutes, including portions of the U.S. criminal code). Plaintiff's Complaint fails the above standards, and so should be dismissed.

Ordinarily, federal courts liberally grant pro se plaintiffs leave to amend. However, because the record here shows that Plaintiff would be unable to cure the above-mentioned deficiencies through further amendment of the Complaint, the Court concludes that granting leave to amend would be futile. See Cahill, 80 F.3d at 339. The Court therefore recommends dismissal with prejudice.

## **ORDER**

It is HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED; and
2. In light of the findings and recommendations, all pleading, discovery, and motion practice in this action are STAYED pending resolution of these findings and recommendations

(other than objections to the findings and recommendations or non-frivolous motions for emergency relief, the Court will not entertain or respond to any pleadings or motions until the findings and recommendations are resolved).

**RECOMMENDATIONS**

IT IS HEREBY RECOMMENDED that:

1. This action be DISMISSED WITH PREJUDICE; and
2. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: January 7, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

kort.2428